# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16 -cv- 0072 (TSC) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
|  | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment, ECF No. 30. For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

### A.  *FOIA Requests to EEOC*

On or about April 1, 2014, Plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Equal Employment Opportunity Commission ("EEOC").  Compl. ¶ 19.  Specifically, Plaintiff sought "MD-715 Reports for [the] Internal Revenue Service seeking all data pertaining to Management Directive 715 from October 31, 2003 through December 31, 2013."  *Id.*  According to Plaintiff, these reports reflect "policy guidance which [EEOC] provides to Federal agencies . . . for their use in establishing and maintaining effective programs of equal employment opportunity . . . under Section 717 of Title VII of the Civil Rights Act of 1964 and Section 501 of the Rehabilitation Act of 1973."  *Id.* ¶ 1.

EEOC assigned the matter a reference number (FOIA No. 820-2014-198608), and on

April 28, 2014, it sent Plaintiff a written response:

> Your request for copies of records containing all data required to be filed by the Internal Revenue Service with the [EEOC] in accordance with Management Directive 715; specifically information submitted to EEOC annually from October 31, 2003 through December 31, 2013, has been granted in part.  The IRS has not submitted its annual report for fiscal year 2013.  As discussed, we will provide you by email the responsive documents.

Defs.' Mem. of Law in Support of Mot. for Summ. J. ("Defs.' Mem."), Decl. of Stephanie D.

Garner ("Garner Decl."), Ex. 1 at 3; *see* Compl. ¶ 20.  The response included instructions for

"fil[ing] a proper appeal from the determination under EEOC regulations, including the address

to which the appeal should be directed, information on how to identify the correspondence as an

appeal, the deadline by which the appeal must be submitted, and a link to further information on

EEOC's website."  Garner Decl. ¶ 5.  "[A] search of EEOC's electronic FOIA records and paper

files" did not locate any "record of a properly filed appeal from the April 28, 2014

determination[.]"  *Id*. ¶ 6.

According to Plaintiff, he submitted a second FOIA request to EEOC on or about

October 26, 2015 "seeking the . . . IRS MD-715 Report for the fiscal year ending December 31,

2014."  Compl. ¶ 23.  A search of EEOC's "electronic and paper records, including the archives

of the agency's FOIA email account (FOIA@eeoc.gov), . . . found no record of a second FOIA

request, or any other correspondence, received from Plaintiff."  Garner Decl. ¶ 7.  Upon EEOC's

receipt of a copy of the motion for summary judgment Plaintiff filed in this civil action [ECF No.

11], EEOC staff "again searched the email archive for FOIA@eeoc.gov but found no record of

the October 26, 2015 email."  *Id*.  ¶ 8.  At this point, "because the copy of the request attached to

[Plaintiff's summary judgment motion] provided EEOC with notice of the content of Plaintiff's

attempted request, EEOC [staff] logged the request as received on April 4, 2016."  *Id*. ¶ 9.

EEOC granted the request, and on April 12, 2016, it released the requested records in full. *Id*.; *see id*., Ex. 2. EEOC staff considered Plaintiff's second FOIA request "somewhat ambiguous," and they "released the reports submitted by the IRS in 2014 and 2015, since both reports contained information covering a portion of calendar year 2014." *Id*. ¶ 9.

### B. FOIA Request to the OPM

Plaintiff named the former Acting Director of the Office of Personnel Management ("OPM") as a defendant in this case. OPM staff was "asked to verify whether [OPM's] EEO office had answered a FOIA request from [Plaintiff]." Defs.' Mem., Decl. of Yasmin A. Rosa ("Rosa Decl.") ¶ 5. A search of records maintained by the OPM's EEO office, including "all EEO complaints, inquiries and non-jurisdiction records for 2015 and 2016," and "the EEO inbox" where email requests would have been located, "did not produce any record(s) of a David Johnson contacting EEO." Rosa Decl. ¶ 6. Based on this search result, OPM "concluded that [Plaintiff] has not reached out to the EEO Office requesting FOIA information or assistance." *Id*.

### II. DISCUSSION

### A. Dismissal of Parties and Claims

The Court construes the Complaint as one raising claims under FOIA against EEOC and OPM. A claim under FOIA is against an agency. *See* 5 U.S.C. § 552(a)(4)(B); *Cooper v. Stewart*, No. 11-5061, 2011 WL 6758484, at *1 (D.C. Cir. Dec. 15, 2011) (per curiam). Therefore, the Court dismisses Beth F. Cobert, Victoria A. Lipnic, and John Doe as defendants in this case, *see* Compl. ¶¶ 12-14, "because no cause of action exists that would entitle [Plaintiff] to relief from them under . . . FOIA." *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

In addition, the Court dismisses Plaintiff's purported claim, *see* Compl. ¶¶ 33-34, under the Administrative Procedure Act.  "[T]he APA provides for judicial review of final agency action only where 'there is no other adequate remedy in a court.'"  *Kenney v. U.S. Dep't of Justice*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009) (quoting 5 U.S.C. § 704).  Plaintiff's challenge to Defendants' response to his FOIA requests is properly considered under FOIA, and "relief under the APA is unavailable when [FOIA] provides an adequate remedy."  *Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) (citations omitted).

Lastly, the Court dismisses Plaintiff's purported constitutional claim.  Plaintiff asserts that "Defendants' failure to provide Plaintiff with the information stated in the FOIA Request violates . . . the Due Process Clause[.]"  Compl. at 7.  He offers a legal conclusion without factual allegations to support it, and thus fails to state a plausible due process claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.  Summary Judgment in a FOIA Case

"FOIA cases typically and appropriately are decided on motions for summary judgment."  *ViroPharma Inc. v. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 184, 189 (D.D.C. 2012) (citations omitted).  The Court grants summary judgment if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

It appears that Plaintiff's sole objection to Defendants' motion is their "reliance on inadmissible hearsay" in the supporting declarations. *See* Pl.'s Objection to Defs.' Mot. for Summ. J. at 5. Plaintiff asserts his "entitle[ment] to statistical data summarized on the official business records maintained by . . . EEOC," and he claims that "the version of facts proffered by Defendants attempt[s] fraudulently to deny the existence thereof." *Id.* at 4 (emphasis removed).[1] Further, Plaintiff suggests that the declarants not only must have personal knowledge of the "actual computation of the statistical data" he requests, *id.*, but also must authenticate the data, *see id.* at 5. The Court understands Plaintiff to argue that Defendants cannot meet their burden on summary judgment when the declarations on which they rely are made by individuals without personal knowledge of the facts.

Ordinarily, a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In a FOIA case, a declarant need only "attest[] to [her] personal knowledge of the procedures used in handling [Plaintiff's] request and [her] familiarity with the documents in question." *Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987). "[O]ur circuit court long ago recognized the validity of the affidavit of an individual who supervised a search for records even though the affiant had not conducted the search [herself]." *Brophy v. U.S. Dep't of Defense*, No. 05-CV-360, 2006 WL 571901, at *4 (D.D.C. Mar. 8, 2006) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986)).

Here, EEOC's declarant makes her declaration "based on [her] review of the official files and records of EEOC, [her] own personal knowledge, and information [she] acquired . . . through

---

[1] The Court presumes that the MD-715 Reports Plaintiff has requested contain the "statistical data" to which he refers in his opposition.

the performance of [her] official duties."  Garner Decl. ¶ 2.  She attests to her familiarity with the procedures followed in responding to FOIA requests to EEOC generally, and EEOC's handling of Plaintiff's FOIA requests specifically.  *Id.* ¶¶ 1-2.  Similarly, OPM's declarant makes "[t]he statements in [her] declaration . . . based on [her] personal knowledge and upon information available to [her] from [OPM's] EEO archives."  Rosa Decl. ¶ 3.  She, too, is familiar with the agency's procedures for handling inquiries, including FOIA requests.  *Id.* ¶¶ 2, 5-6.  Thus, each declarant satisfies the personal knowledge requirement for purposes of the FOIA.  *See Pinson v. U.S. Dep't of Justice*, 160 F. Supp. 3d 285, 294 (D.D.C. 2016); *Gov't Accountability Project v. U.S. Dep't of Justice*, 852 F. Supp. 2d 14, 23 (D.D.C. 2012).  Because the declarants demonstrate their "general familiarity with the responsive records and procedures used to identify those records," they need not "independently verify the information contained in each responsive record as Plaintiff suggests."  *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138-39 (D.D.C. 2008).

Furthermore, FOIA does not require that an agency provide explanatory materials.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975) (holding that "insofar as the order of the court below requires the agency to create explanatory material, it is baseless").  Nor does it require that an agency authenticate or certify the contents of the records it releases.  *See Jackman v. Dep't of Justice*, No. 05-CV-1889, 2006 WL 2598054, at *2 (D.D.C. Sept. 11, 2006) (finding that "Plaintiff's questions about the authenticity and correctness of the released records are beyond the scope of the Court's FOIA jurisdiction"); *see also Hedrick v. FBI*, __ F. Supp. 3d __, __, 2016 WL 6208361, at *8 (D.D.C. Oct. 24, 2016) (noting that plaintiff "cites no authority for the proposition that, when challenged, an agency must authenticate or prove the veracity of the content of a responsive record").

1. EEOC Released the Requested Records In Full

EEOC has released in full IRS MD-715 Reports between October 31, 2003 and
December 31, 2012, *see* Garner Decl. ¶¶ 4-5, as well as the IRS reports submitted in 2014 and
2015, *id*. ¶ 9.  It did not release the IRS MD-715 Report for the fiscal year ending December 31,
2013, because IRS had not yet submitted its report.  *See id*. ¶ 5.  EEOC did not violate the FOIA
by failing to disclose a record it did not have in its possession when it received Plaintiff's April
1, 2014 FOIA request.  *See Defenders of Wildlife v. U.S. Dep't of the Interior*, 314 F. Supp. 2d 1,
12 n.10 (D.D.C. 2004) (recognizing that records created after date-of-search cut-off date
established by agency regulation are not covered by request).  Even if EEOC were to have
received an MD-715 Report from IRS for 2013 at some point after it responded to Plaintiff's
April 1, 2014 FOIA request, EEOC would not have been obligated to release it.  "The FOIA does
not require an agency to update or supplement a prior response to a request for records."  *James
v. U.S. Secret Serv.*, 811 F. Supp. 2d 351, 358 (D.D.C. 2011), *aff'd,* No. 11-5299, 2012 WL
1935828 (D.C. Cir. May 11, 2012); *see also Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152
(D.C. Cir. 1991) ("To require an agency to adjust or modify its FOIA responses based on post-
response occurrences could create an endless cycle of judicially mandated reprocessing.").

Plaintiff can prevail in a FOIA case only if he has demonstrated "that an agency has (1)
improperly (2) withheld (3) agency records."  *Judicial Watch, Inc. v. Dep't of State*, 177 F. Supp.
3d 450, 454 (D.D.C. 2016) (citations omitted); *see Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir.
1982).  "Once the records are produced[,] the substance of the controversy disappears and
becomes moot since the disclosure which the suit seeks has already been made."  *Crooker v.
United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam) (citations omitted).  Now
that EEOC has released all of the records Plaintiff requested, this FOIA claim is moot.  *See, e.g.,*

*Heily v. U.S. Dep't of Defense*, 896 F. Supp. 2d 25 (D.D.C. 2012) (dismissing as moot FOIA

claim of plaintiff who received the requested documents while civil action was pending), *aff'd*,

No. 13-5055, 2013 WL 5975876 (D.C. Cir. Oct. 16, 2013).

### 2. Plaintiff Did Not Submit a FOIA Request to OPM

"[E]ach agency, upon any request for records which (i) reasonably describes such records

and (ii) is made in accordance with published rules stating the time, place, fees (if any), and

procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. §

552(a)(3)(A).  However, if the agency receives no FOIA request, the agency "has no reason to

search or produce records and similarly has no basis to respond."  *Carbe v. Bureau of Alcohol,*

*Tobacco and Firearms*, No. 03-CV-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004).  The

Court concludes that Plaintiff had not submitted a FOIA request to OPM prior to filing this civil

action.[2]  OPM has not failed to fulfill its obligations under the FOIA and, therefore, its motion

for summary judgment is granted.  *See Thomas v. Fed. Comm'cns Comm'n*, 534 F. Supp. 2d 144,

146 (D.D.C. 2008) (granting summary judgment in the agency's favor "[i]n the absence of any

evidence that plaintiff submitted a proper FOIA request to which defendant would have been

obligated to respond"); *see also Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26

(D.D.C. 2008) (noting that "[a]n agency's disclosure obligations are not triggered . . . until it has

received a proper FOIA request in compliance with its published regulations").

### 3. Segregability

---

[2]  In his motion for summary judgment [ECF No. 40], Plaintiff argues that OPM improperly withheld statistical data
he requested on April 11, 2016.  *See* Decl. of David Johnson in Support of the Mot. for Summ. J. Against Defs.
[ECF No. 40-1] ¶ 1; *see id.*, Ex. A; *see also* Pl. David Johnson's Statement of Facts in Support of the Mot. for
Summ. J. Against Defs. [ECF No. 40-2] ¶¶ 1, 5.  His original complaint, which the Clerk of Court received on
December 28, 2015, does not mention a FOIA request to OPM, and the OPM's response to Plaintiff's April 11, 2016
FOIA request is beyond the scope of this case.

An agency is obligated under FOIA to release "any reasonably segregable portion of a record . . .  after deletion of the portions which are exempt" from disclosure.  5 U.S.C. § 552(b). Here, EEOC has not withheld any information contained in the MD-715 Reports it released to Plaintiff.  The Court concludes, then, that all reasonably segregable information has been released.

III. CONCLUSION

Defendants have shown that there is no genuine issue of material fact in dispute regarding their compliance with FOIA and that they are entitled to judgment as a matter of law. Accordingly, the Court grants Defendants' motion for summary judgment.  An Order accompanies this Memorandum Opinion.


DATE: March __, 2017

TANYA S. CHUTKAN
United States District Judge